UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN J. JOHNSON,

    Plaintiff,

v.                                          Case No. 2:07-cv-156
                                           HON. R. ALLAN EDGAR

CITY OF WAKEFIELD,

    Defendant.

_____/

## MEMORANDUM AND ORDER

Plaintiff John J. Johnson ("Johnson") brings this *pro se* civil rights action against defendant City of Wakefield, Michigan, pursuant to 42 U.S.C. § 1983. Johnson is a plaintiff in a civil suit in the state courts of Michigan styled *John J. Johnson, v. City of Wakefield*, Circuit Court of Gogebic County, Michigan, Case No. C-07-50-NZ. In his instant complaint [Doc. No. 1], Johnson seeks to have this United States District Court "intervene" and "remove" the Michigan state court lawsuit to federal court.

On September 7, 2007, Magistrate Judge Timothy P. Greeley submitted a report and recommendation under 28 U.S.C. § 636(b)(1) and W.D. Mich. LCivR 72.1. [Doc. No. 5]. It is recommended that Johnson's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. Plaintiff has not timely filed any objections to the report and recommendation.

After reviewing the record, the Court **ACCEPTS and ADOPTS** the report and

recommendation pursuant to 28 U.S.C. § 636(b)(1) and W.D. Mich. LCivR 72.3(b).  The Court agrees with the analysis in the report and recommendation that this Court lacks subject matter jurisdiction over Johnson's complaint and the complaint fails to state a claim on which relief may be granted.  Because there is a lack of subject matter jurisdiction, Johnson's complaint must also be dismissed *sua sponte* under Fed. R. Civ. P. 12(h)(3).

The Court amplifies and expands on the report and recommendation concerning limitations on the right of removal under 28 U.S.C. §§ 1441(a) and 1446.  Plaintiff Johnson asserts that he is seeking to "remove" the state court lawsuit to this United States District Court.  The attempted "removal" by Johnson is procedurally defective under 28 U.S.C. §§ 1441(a) and 1446(a) and (b). Johnson has not actually effected a valid removal of the suit from the Michigan state court. He has not filed a proper notice of removal, and he has not complied with the procedural steps for removal required by 28 U.S.C. § 1446(a)( and (b).

This Court's removal jurisdiction is governed and restricted by 28 U.S.C. §§ 1441(a) and 1446(a) and (b) which provide that civil actions originally filed in state court may be removed to federal court only by "a defendant or defendants." *First National Bank of Pulaski v. Curry*, 301 F.3d 456, 461 (6th Cir. 2002).  Because Johnson is the plaintiff and not a defendant, he has no right of removal under 28 U.S.C. §§ 1441 and 1446. A plaintiff who commences a civil action in state court does not have a right of removal to a federal court. *Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580 (1954); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Ballard's Service Center, Inc., v. Transue*, 865 F.2d 447, 449 (1st Cir. 1989); *Oregon Egg Producers v. Andrew*, 458 F.2d 382, 383 (9th Cir. 1972); *Yee v. Michigan Supreme Court*, 2007 WL 1198905 (E.D. Mich. April 19, 2007); *Santiago v. Chandler*, 2006 WL 2583715 (W.D. Ky. Sept. 7, 2006);  *McCane v. McCane*,

47 F. Supp.2d 848 (E.D. Mich. 1999); *Geiger v. Arctco Enterprises, Inc.*, 910 F. Supp. 130 (S.D.N.Y. 1996).

Accordingly, plaintiff Johnson's complaint shall be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) on the ground that it fails to state a claim on which relief may be granted, and pursuant to Fed. R. Civ. P. 12(h)(3) on the ground of lack of subject matter jurisdiction. A separate judgment will be entered.

For the same reasons expressed in this memorandum and order and in the report and recommendation, the Court finds pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. 24(a)(4)(B) that there is no good-faith basis for an appeal. Any appeal by plaintiff Johnson would be frivolous and not taken in good faith. Plaintiff shall not be allowed to proceed on appeal *in forma pauperis*.

SO ORDERED.

DATED: October 4, 2007.

                             */s/ R. Allan Edgar*
                               R. ALLAN EDGAR
                        UNITED STATES DISTRICT JUDGE